CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Roanoke
JUN 15 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JEROME JOHNSON, | ) | Civil Action No. 7:12-cv-00237 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By:   Hon. Jackson L. Kiser |
|     Defendant. | ) |        Senior United States District Judge |

Jerome Johnson, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Harold W. Clarke, Director of the Virginia Department of Corrections ("VDOC"), as the sole defendant. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submission, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff simply states in the complaint:

> My case lies completely on the incompetence and err[ors] made by the court and legal system of the state of V[irginia]. Somewhere within the[ir] data banks[,] my court records of the amount of time I have are off![] I contacted the manager of court & legal services, Harold W. Clarke, about my time not being computed correctly, and he failed to correct this err[or]. Therefore due to this great issue of overlooking I feel I should be justifiably awarded $350,000 [d]ue to the large amounts of stress, emotional depression, and anxiety spells I have endured. . . . [a]nd placed on my family. . . .

(Compl. 4.)

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based

upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff must demonstrate that he was deprived of life, liberty, or property by governmental action to state a violation of due process guaranteed by the Fourteenth Amendment. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Plaintiff's general allegation of errors in his sentence calculation does not establish a deprivation of liberty because he does not allege that his incarceration exceeds his release date. Furthermore, plaintiff may not recover damages for a mental or emotional injury without a prior showing of physical injury. 42 U.S.C. § 1997e(e). Accordingly, plaintiff fails to state a claim upon which relief may be granted.[1]

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This ___ day of June, 2012.

Senior United States District Judge

---

[1] To the extent plaintiff requests a speedier release from custody, his sole remedy in federal court is a properly filed habeas petition. See Edwards v. Balisok, 520 U.S. 641, 645-47 (1997) (stating that § 1983 damages claim arguing that due process rights violations resulted in loss of good-time credits should be brought as habeas corpus petition); Heck v. Humphrey, 512 U.S. 477, 486-88 (1994) (stating that a § 1983 claim that would necessarily demonstrate the invalidity of confinement or its duration should be brought as a habeas claim); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). Therefore, plaintiff may not seek an order from a § 1983 action that would release him from custody quicker than what an imposed sentence requires. I decline to construe the action as arising under 28 U.S.C. § 2254 because petitioner does not explain how he exhausted state court remedies and because the complaint does not substantially follow the form § 2254 petition. See, e.g., Rule 2 of the Rules Governing § 2254 Cases.